# Exhibit "A"

IN THE STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF CLINTON

DANA WOODEND, and
JOHN WOODEND,

v.

WALMART STORES, INC, and
WALMART SUPERCENTER,
and JOHN DOE

Case No.: 23-12345-NO
Hon.: CORI E. BARKMAN

Kevin Z. Komar (P61902)
**Sinas, Dramis, Larkin,**
**Graves & Waldman, P.C.**
Attorneys for Plaintiffs
3380 Pine Tree Road
Lansing, MI 48911-4207
(517) 394-7500
kevinandstaff@sinasdramis.com

SINAS DRAMIS
SINCE 1951
Lansing
Grand Rapids
Kalamazoo
St. Clair Shores
Ann Arbor
sinasdramis.com

## COMPLAINT

**There are currently no other pending causes of action regarding the incident and the facts that give rise to this cause of action involving these same parties pending in any other jurisdiction.**

NOW COME Plaintiffs Dana and John Woodend by and through their attorneys, Sinas, Dramis, Larkin, Graves & Waldman, P.C., and for their Complaint against the above-captioned defendants state as follows:

1. That at all times pertinent hereto, Plaintiffs Dana and John Woodend were a married couple and residents of Shiawassee County.
2. That at all times pertinent hereto, Defendants Walmart Stores, Inc. and Walmart Supercenter are foreign corporations that owned and operated a stand-alone Walmart Supercenter retail store, #1423, located in the city of St. Johns, County of Clinton, State of Michigan. Further the aforementioned defendants in this matter shall be referred to collectively as "*Walmart*."
3. That based upon information provided to Plaintiff, before this litigation commenced, John Doe was a Walmart employee or agent of Walmart at the time of the incident that gives rise to this cause of action.
4. That all relevant events and facts that give rise to this cause of action occurred within Clinton County, Michigan and the amount in controversy is greater than $25,000.00 thus venue is proper in this jurisdiction.
5. That on or about November 2, 2020, Plaintiff Dana Woodend and her husband John Woodend were business invitees of Defendant Walmart Supercenter located in St. Johns, Michigan for the purpose of grocery shopping.
6. That on that same date Walmart employees were conducting stocking operations within the Walmart store and within the areas where business invitees such as Dana Woodend would rightfully be traversing.
7. That as Dana and John Woodend stopped next to a refrigerated case to search for items, a Walmart employee/agent, Defendant JOHN DOE, whose name has not been released to Plaintiff, was using a hand operated pallet jack and was hauling

SINAS DRAMIS
SINCE 1951

Lansing
Grand Rapids
Kalamazoo
St. Clair Shores
Ann Arbor

sinasdramis.com

items down an aisleway where Dana Woodend and John Woodend were shopping.

8. That as Dana and John Woodend were reading labels of items they were willing to purchase, Walmart's employee/agent struck Dana Woodend's shopping cart and/or her person with a fully loaded pallet jack causing Dana to fall headfirst into the refrigerated case striking her head.

9. That Walmart and its employee were negligent in the operation of the hand pulled pallet jack when its employee/agent failed to take steps to avoid striking a customer and/or a customer's shopping cart with a fully loaded pallet jack.

10. That Walmart is the employer of the individual defendant, John Doe, who was operating the pallet jack on the date and time in question.

11. That Walmart and its employees, including John Doe, had a duty to exercise ordinary care and due caution in the operation of pallet jacks within the premises of Walmart Supercenter #1423 located in St. Johns, Michigan so as to prevent injury to business invitees such as plaintiff Dana Woodend who are lawfully upon the premises.

12. That Walmart and its employees and/or agents, including John Doe, had a duty to exercise ordinary care and due caution in the operation of pallet jacks within the premises of Walmart Supercenter #1423 located in St. Johns, Michigan so as to prevent business invitees from being struck by a pallet jack that is being pulled and operated by Walmart employees and/or agents.

SINAS DRAMIS
SINCE 1951

Lansing
Grand Rapids
Kalamazoo
St. Clair Shores
Ann Arbor

sinasdramis.com

13. That Defendant Walmart by and through its employees and or agents breached its aforesaid duty when an employee and/or agent of Walmart recklessly and negligently operated a hand pallet jack through the retail area of its store where Dana Woodend was lawfully traversing as a business invitee when that employee struck Dana Woodend's shopping cart and/or her person with a fully loaded pallet jack.
14. That Defendant Walmart by and through its employees and/or agents breached its aforesaid duty when an employee and/or agent of Walmart recklessly and negligently operated a heavy and fully loaded hand pallet jack through the retail area of one of its stores at a rate of speed that was too fast to allow the employee and/or agent to stop the pallet jack before striking a customer and/or a customer shopping cart.
15. That Defendant Walmart further had a duty to exercise ordinary care and due caution in the stocking of its stores so as to prevent injury to business invitees who are lawfully upon the premises and to further ensure that fully loaded pallet jacks would not be pulled through areas that are heavily traversed at that time by business invitees.
16. That Defendant Walmart had a duty to exercise ordinary care and due caution and the stocking of its shelves and display cases of its stores so as to prevent injury to business invitees lawfully upon the premises by either cordoning off an area to be stocked and/or traversed by a fully loaded heavy pallet jack.

SINAS DRAMIS
SINCE 1951

Lansing
Grand Rapids
Kalamazoo
St. Clair Shores
Ann Arbor

sinasdramis.com

17. That Defendant Walmart had a duty to exercise ordinary care and due caution in the stocking of its shells and display cases of its stores so as to prevent injury to business invitees lawfully upon the premises by using a spotter and/or assistant for someone operating a fully loaded Pallet Jack in an area traversed by business invites such as Plaintiff.
18. That Defendant Walmart failed to adequately train its employees/agents in the operation of a pallet jack.
19. That Walmart remains vicariously responsible for the negligent acts of its employees and/or agents as set forth in the allegations above.
20. That Walmart remains responsible for the negligent acts of its employees and/or agents as set forth in the allegations above due the legal principles of agency.
21. That Walmart remains responsible for the negligent acts of its employees and/or agents as set forth in the allegations above due the legal principles of respondeat superior.
22. That Walmart negligently hired and negligently retained an employee, who demonstrated by previous actions, temperament, and demeanor that he was not fit to properly operated a fully loaded pallet jack in an area heavily traversed by business invitees.
23. That as a direct and proximate result of the acts of negligence of Walmart and its employees/agents, Dana Woodend was caused to suffer bodily injury including but not limited:

SINAS DRAMIS
SINCE 1951

Lansing
Grand Rapids
Kalamazoo
St. Clair Shores
Ann Arbor

sinasdramis.com

a. Damage to a VP shunt that was previously surgically placed causing said shunt to create infection ultimately leading Dana Woodend to becoming septic.
b. Damage to a VP shunt that was previously surgically placed causing Dana Woodend to undergo a repair and replacement of the VP shunt.
c. Injuries to head including traumatic brain injury.
d. Injuries to her ribs.
e. Injuries to legs.
f. Psychological and emotional injuries, including depression and anxiety as a result of Plaintiff Dana Woodened long arduous course of recovery.

24. The damages Plaintiff Dana Wooded suffered as a result of her injuries include, but are not limited to: physical disability, incapacity, loss of function; denial of everyday social pleasures and enjoyment; diminished quality of life; mental anguish; emotional distress; fright and shock; embarrassment and humiliation; and economic loss damages, in the form of work loss, medical expenses Plaintiff has incurred, as a result of her injuries.

25. Plaintiff Dana Woodend fears that the aforementioned injuries and damages sustained and suffered by her are permanent in nature, and that she will continue to suffer additional, like damages and loss of normal life in the future.

26. As a proximate result of the injuries sustained by Plaintiff Dana Woodend in the subject incident, her husband, Plaintiff John Woodened has sustained damages, including the loss of his wife's services, society, companionship, and consortium.

SINAS DRAMIS
SINCE 1951

Lansing
Grand Rapids
Kalamazoo
St. Clair Shores
Ann Arbor

sinasdramis.com

**WHEREFORE,** Plaintiffs Dana and John Woodened pray that damages be awarded in their favor, and against Defendants, in such an amount as the trier of fact shall determine to be fair and just, together with interest, costs, and reasonable attorney fees.

Respectfully submitted:

**SINAS, DRAMIS, LARKIN, GRAVES & WALDMAN, P.C.**

Attorneys for Plaintiff

By: ______________________________

Kevin Z. Komar (P61902)
3380 Pine Tree Road
Lansing, MI 48911
(517) 394-7500

**Dated: October 24, 2023**

SINAS DRAMIS
SINCE 1951

Lansing
Grand Rapids
Kalamazoo
St. Clair Shores
Ann Arbor

sinasdramis.com